Case Number: PC-2024-06190
Filed in Providence/Bristol County Superior Court
Submitted: 11/18/2024 9:08 PM
Envelope: 4888731
Reviewer: Carol M.

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

PRIME HEALTHCARE SERVICES – LANDMARK, LLC,

Plaintiff,

vs.

AETNA HEALTH MANAGEMENT, LLC; and DOES 1 through 50, inclusive,

Defendants.

Case No.

**JURY DEMAND**

# COMPLAINT

Plaintiff PRIME HEALTHCARE SERVICES – LANDMARK, LLC dba Landmark Medical Center ("Landmark" or "Plaintiff") alleges against Defendant Aetna Health Management, LLC ("Aetna" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This action involves Aetna's wrongful and unlawful refusal to fully reimburse Landmark for medically necessary health care services from April 1, 2021, through the present, provided to patients for whose services Aetna was obligated to pay. Landmark is an acute-care hospital that provides medical services. At all times alleged herein, Landmark and Aetna were parties to a binding contract set forth in a Letter of Agreement (as amended, the "Agreement"), whereby Landmark agreed to provide medical services to patients for whose services Aetna was obligated to pay ("Patients") and, in turn, Aetna agreed to pay for the medical services provided to its Patients at the rates set forth in the Agreement. Landmark has submitted claims for payment to Aetna as required in the Agreement. Despite its contractual duties to reimburse Landmark, Aetna has failed to properly reimburse the claims. Aetna's conduct as alleged herein is ongoing.

2. As a result of Aetna's breaches and statutory violations, Aetna has underpaid Landmark for its services in an amount in excess of $1,000,000. Landmark seeks full and accurate payment for all medical services for which Aetna was obligated to pay, together with all applicable interest allowed by law.

## THE PARTIES

3. At all relevant times in this Complaint, Landmark was and is a Delaware limited liability company qualified to do business in the State of Rhode Island, with its principal place of business in Woonsocket, Rhode Island.

4. Landmark is a subsidiary of Prime Healthcare Foundation, Inc. and operates as a not-for-profit hospital licensed by the State of Rhode Island.

5. Upon information and belief, at all relevant times in this Complaint, Aetna was and is a for-profit limited liability company, duly organized and existing under the laws of the State of Delaware.

6. The true names and capacities of the defendants named herein as Does 1 through 50, inclusive, whether individual, corporate, associate, or otherwise are currently unknown to Plaintiff and therefore Plaintiff alleges that each of these fictitiously named defendants is responsible in some manner for the events sued upon herein. Plaintiff will seek leave of this Court to amend this Complaint to assert the true names and capacities of the defendants named herein as Does 1 through 50, inclusive, when said names and capacities have been ascertained.

7. Plaintiff is informed and believes, and thereon alleges that at all times Defendants, and each of them, were acting as agents and/or employees of each other, and of the other Defendants, and doing each of the things herein alleged or acting within the scope of said agency.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to Rhode Island General Laws § 8-2-14(a), as the amount in controversy exceeds $10,000.

9. This Court has personal jurisdiction over Aetna because it engages in business transactions and wrongful conduct in Rhode Island, and the claims alleged herein arise out of those

transactions and conduct.

10. Aetna has systematic and continuous contacts with Rhode Island.

11. Venue is proper in the Superior Court for Providence County pursuant to Rhode Island General Laws § 9-4-3.

## GENERAL ALLEGATIONS

12. Effective April 1, 2008, Landmark and Aetna entered into the Agreement. The Agreement was amended on February 1, 2017, and June 1, 2019.[1].

13. Aetna agreed to pay Landmark for medical services rendered to Patients at the rates stated in the Agreement.

14. From April 1, 2021, through the present, Landmark rendered medically necessary emergency and post-stabilization services to Aetna's Patients and billed Aetna for those services.

15. Aetna breached the Agreement by underpaying and/or denying Landmark claims for the services it rendered to Patients, and Aetna further failed to comply with statutory deadlines in doing so. Aetna's conduct in this regard is ongoing and continues through the present.

16. Landmark timely submitted claims for reimbursement and demanded that Aetna pay denied claims and/or make additional payments for underpaid claims.

17. Aetna failed to reimburse the claims pursuant to the Agreement.

## COUNT 1 - BREACH OF CONTRACT

18. Landmark realleges and restates the preceding paragraphs as if they were stated here in full.

19. Landmark and Aetna entered into the Agreement for the provision of medical services to Aetna's Patients.

20. Landmark performed all of its obligations under the Agreement (other than those that were excused) by, among other things, rendering medically necessary services to Aetna's

[1] Landmark has not attached a copy of the Agreement because the terms and payment rates are highly confidential and could cause commercial damage to Landmark if they were disclosed in a public filing.

Patients and submitting timely claims for payment.

21. Aetna breached and continues to breach the Agreement by failing to adjudicate and pay claims pursuant to the Agreement's requirements.

22. Aetna's breaches include, without limitation, inappropriately down-coding numerous claims and improperly underpaying or denying claims for certain inpatient services. Aetna routinely applied so-called internal standards or guidelines that were inconsistent with industry standard coding rules, including ICD-10, and disregarded the treating physicians' diagnoses documented in the medical record to deny certain services or pay for a different and lesser service or diagnosis.

23. Aetna also improperly denied claims by asserting a lack of medical necessity. The services provided to Aetna's Patients were medically necessary and consistent with the treatment ordered and provided by the treating physicians.

24. In other instances, Aetna denied claims on technical grounds, falsely asserting that Landmark did not bill the claims timely, provided unauthorized inpatient services, and/or that the obligation to pay for the claims was the responsibility of third-parties, not Aetna.

25. As a direct and proximate result of Aetna's foregoing breaches, Landmark has been damaged in an amount in excess of $1,000,000 (subject to proof at trial) plus interest, with Landmark's damages increasing as Aetna's conduct continues.

## JURY DEMAND

Landmark hereby demands a trial by jury for all of the claims in this litigation.

## PRAYER FOR RELIEF

Landmark prays for judgment as follows:

1. All damages at law or in equity, including monetary damages in an amount to be proven at trial;

2. Prejudgment and post-judgment interest to the maximum amount permitted;

3. Reasonable attorney fees as allowed by law;

4. Costs; and

5. Such other relief as the Court deems just and proper.

PRIME HEALTHCARE SERVICES – LANDMARK, LLC D/B/A LANDMARK MEDICAL CENTER

By its Attorneys,

*/s/ Andre S. Digou*
Andre S. Digou (8711)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Telephone: 401.453.6400
Email: adigou@crfllp.com
Dated: November 18, 2024

*Pro Hac Vice Forthcoming:*

Damaris L. Medina (SBN 262788)
Anita Barooni (SBN 321091)
BUCHALTER
18400 Von Karmen Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Email: dmedina@buchalter.com
abarooni@buchalter.com

Philip Scarborough (SBN 254934)
BUCHALTER
500 Capitol Mall, Suite 1900
Sacramento, CA 95814
Telephone: 916.945.5170
Email: pscarborough@buchalter.com